# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| STARR DAVIS COMPANY, INC. and STARR DAVIS COMPANY OF S.C., INC, through its Receiver, Peter D. Protopapas,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY; TWIN CITY FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY f/k/a THE AETNA CASUALTY AND SURETY COMPANY; THE STANDARD FIRE INSURANCE COMPANY; SOUTHEASTERN AGENCY GROUP and M.I.A. COMPANY, INC. individually and as successors to or f/k/a MERRIMON INSURANCE AGENCY, INC.; ROBERT E. ASPRAY; NELL ASHWORTH, individually and as personal representative of the Estate of ROBERT J. ASHWORTH; BETTY C. D'AMICO, individually and as Executor of the Estate of JULIAN D'AMICO, JR.; KAYLA KEITH, individually and as the personal representative of the Estate of JERRY W. ARCHER, SR.; RICHARD L. KNIGHT II, as personal representative of the Estate of TEDDY L. KNIGHT, SR., and LINDA KNIGHT, individually; DAVID D. ROLLINS; JAMES W. SMITH and FRANCES R. SMITH; and LINDA J. WHITE, individually and as Personal Representative of the Estate of LUBERT F. WHITE, JR.,<br><br>　　　　　　　　　　　Defendants. | **Civil Action No.:** 3:19-3481-JFA<br><br>**NOTICE OF REMOVAL** |

　　　PLEASE TAKE NOTICE that Defendant Travelers Casualty and Surety Company f/k/a

The Aetna Casualty and Surety Company ("Travelers") and Defendant The Standard Fire

Insurance Company ("Standard Fire"), a subsidiary of Travelers (together, the "Travelers

1

Defendants"), hereby remove this action from the South Carolina Court of Common Pleas, Fifth Judicial Circuit, County of Richland, to the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In support of this Notice of Removal, the Travelers Defendants state as follows:

**I.      This Court Has Jurisdiction Under 28 U.S.C. §§ 1332 and 1441**

1.      Removal of this lawsuit is authorized by 28 U.S.C. §1441(a) because this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332.

2.      On or about November 6, 2019, Plaintiff filed a civil action against the Travelers Defendants and various other parties in the South Carolina Court of Common Pleas, Fifth Judicial Circuit, County of Richland.  A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

3.      This is a civil action which, upon proper realignment of certain parties and/or dismissal of certain fraudulently joined Defendants, will be between citizens of different states.

4.      Peter D. Protopapas is a South Carolina citizen suing as the Receiver of Starr Davis Company, Inc. and Starr Davis Company of S.C., Inc.  As alleged, Starr Davis Company, Inc. is a former North Carolina corporation whose principal place of business was in North Carolina, and Starr Davis Company of S.C., Inc. is a former South Carolina corporation.  (Compl. ¶¶ 1-3.)  Starr Davis Company, Inc. and Starr Davis Company of S.C., Inc. are together referred to herein and in the Complaint as "Starr Davis."

5.      Plaintiff alleges that Defendant Hartford Accident and Indemnity Company ("Hartford") is a Connecticut corporation with its headquarters in Connecticut.  (Compl. ¶ 4.)

6.      Plaintiff alleges that Defendant Twin City Fire Insurance Company ("Twin City") is an Indiana corporation with its headquarters in Connecticut.  (Compl. ¶ 5.)

7. Plaintiff alleges that Defendant Travelers is a Minnesota corporation with its headquarters in Connecticut. (Compl. ¶ 6.)

8. Plaintiff alleges that Defendant Standard Fire is a Connecticut corporation with its headquarters in Connecticut. (Compl. ¶ 7.)

9. Defendants Hartford, Twin City, Travelers, and Standard Fire are collectively referred to herein as the four "Defendant-Insurers."

10. Plaintiff alleges that Defendant Merrimon Insurance Agency Inc. ("Merrimon") is "upon information and belief a North Carolina Corporation that has either maintained its status as a North Carolina Company as MIA COMPANY, INC. and/or as SOUTHEASTERN AGENCY GROUP, INC. . . . ." (Compl. ¶ 8.) As explained further below, the Court can and should disregard Merrimon's citizenship under the doctrine of fraudulent joinder and/or after Merrimon is properly realigned as a plaintiff.

11. Plaintiff alleges that Defendants Robert E. Aspray, Nell Ashworth (individually and as personal representative of the Estate of Robert J. Ashworth), Betty C. D'Amico (individually and as Executor of the Estate of Julian D'Amico, Jr.), Kayla Keith (individually and as the personal representative of the Estate of Jerry W. Archer, Sr.), Richard L. Knight II (as personal representative of the Estate of Teddy L Knight, Sr., and Linda Knight, individually), David D. Rollins, James W. Smith, Frances R. Smith, and Linda J. White (individually and as personal representative of the Estate of Lubert F. White, Jr.) are citizens are residents of North Carolina and/or South Carolina. (Compl. ¶¶ 9-16.) These Defendants are collectively referred to herein as "Claimants." The Court can and should disregard their citizenship under the doctrine of fraudulent joinder and/or because they should be realigned as plaintiffs.

12. Thus, although it appears on the face of the Complaint that complete diversity of the parties is lacking, diversity jurisdiction exists nonetheless because: (i) Merrimon was not properly joined as a Defendant in this action and/or it should be realigned as a plaintiff, and (ii)

3

Claimants were not properly joined as Defendants in this action and/or they should be realigned as plaintiffs.

13.     Upon the dismissal and/or proper realignment of Merrimon and Claimants as plaintiffs, complete diversity of citizenship will exist between Plaintiff, which is allegedly a citizen of North Carolina and South Carolina, and the Defendant-Insurers, which are citizens of Connecticut, Indiana, and Minnesota.

14.     The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff's Complaint is seeking, among other things, a declaration that millions of dollars of insurance is available with respect to the underlying asbestos lawsuits against Starr Davis.

15.     This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16.     Venue is proper in this Division in accordance with 28 U.S.C. §§ 121(2) and 1441(a).

## II.     The Requirements of 28 U.S.C. § 1446 are Satisfied

17.     Plaintiff filed this action on or around November 6, 2019, in the South Carolina Court of Common Pleas, Fifth Judicial Circuit, County of Richland.  This Notice is being filed less than one year after commencement of this action.

18.     Travelers was served with a copy of the Complaint on or around November 13, 2019, by service on the South Carolina Department of Insurance.  *See* Exhibit A hereto at pp. 1-2.  Travelers received a copy of the Complaint on or around November 15, 2019.  *See id.* at 1.  Travelers timely filed this Notice of Removal within 30 days of service in accordance with 28 U.S.C. § 1446(b).

19. As previewed above and set forth more fully below, the Defendant-Insurers are the only Defendants that have been properly joined and served. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the Defendant-Insurers other than Travelers do not need to consent to removal. Specifically, Hartford and Twin City are not proper parties because they have informed counsel for Travelers that they have settled in principle with Starr Davis, and thus they have been or will be dismissed from this case given the lack of any case or controversy. Moreover, Claimants and Merrimon (even if they have been served) were not properly joined as Defendants and/or should be realigned as plaintiffs. *See, e.g.*, *Gressette v. Sunset Grille, Inc.*, 447 F. Supp. 2d 533, 537 n. 6 (D.S.C. 2006) ("[B]ecause the court has realigned Defendant Sunset as a Plaintiff for purposes of diversity jurisdiction, Sunset's lack of consent for removal is of no moment." (citing *Ohio Cas. Ins. Co. v. RLI Ins. Co.*, 2005 WL 2574150, *4 (M.D.N.C. Oct.12, 2005) ("If a defendant is disregarded or is realigned for jurisdictional purposes, that defendant need not consent to removal, and the Court will evaluate jurisdiction based on the positions of the parties after the realignment.")).

20. Contemporaneous with the filing of this Notice, Travelers is serving a copy of this Notice on counsel for Plaintiff and is filing a copy of this Notice with the Clerk of the South Carolina Court of Common Pleas, Fifth Judicial Circuit, County of Richland, where this action was originally filed, as required by 28 U.S.C. §1446(d).

**III.     Merrimon was Fraudulently Joined**

21. In evaluating citizenship for purposes of determining whether complete diversity exists, the Court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

22. The "fraudulent joinder" doctrine permits the exercise of jurisdiction where the citizenship of the parties dictates otherwise. *See Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999).

5

The doctrine "'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 461). The party alleging fraudulent joinder "'must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.'" *Id.* (quoting *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir.1999)). The removing party must show either "outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (citing *Hartley,* 187 F.3d at 424) (emphasis in original) (internal quotation marks omitted). When reviewing an assertion of fraudulent joinder, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Ctrs. v. Group W Telev., Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (quotation omitted).

23.     Here, Plaintiff joined Merrimon in an effort to defeat federal diversity jurisdiction inasmuch as Plaintiff has not asserted, and cannot assert, a viable cause of action against Merrimon.

24.     Plaintiff alleges vaguely that Merrimon "is upon information and belief a North Carolina corporation that has either maintained its status as a North Carolina company as MIA COMPANY, INC. and/or as SOUTHEASTERN AGENCY GROUP, INC. . . . ." (Compl. ¶ 8.) According to Plaintiff, Merrimon "served as the insurance broker to Starr Davis from at least 1964 through 1986." (Compl. ¶ 21.) Plaintiff alleges "[u]pon information and belief" that "Starr Davis relied upon Merrimon [] to provide advice to Starr Davis on the best insurance options for its needs," and that Starr Davis purchased various insurance policies based on Merriman's advice. (Compl. ¶ 22.) Plaintiff does not allege any specific facts regarding the

6

relationship between Starr Davis and Merrimon, including the terms of any potential contracts or other agreements entered into between Starr Davis and Merrimon.

25. Under South Carolina law, "[t]he Court must determine, as a matter of law, whether the law recognizes a particular duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003) (citation omitted). "An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Id.* (citation omitted). "[T]he respective duties and obligations arising from the relationship of a principal and his agent in the procurement of insurance must be determined in the light of the fact that the agent was an expert dealing in a highly specialized business, with knowledge and means of knowledge not possessed by the average applicant for insurance." *Riddle-Duckworth, Inc. v. Sullivan*, 171 S.E.2d 486, 490 (S.C. 1969). The courts "have long recognized the general rule that insurance agents and brokers are required to exercise due care in placing insurance and would be personally liable for the neglect of that duty." *Id.* (internal quotation marks and citation omitted). "If the agent or broker fails, because of his fault or neglect, to procure the insurance, or does not follow instructions, or if the policy is void or materially deficient, or does not provide the coverage he undertook to supply, he is liable to his principal for the loss sustained thereby in the amount that would have been due under the insurance policy if it had been obtained and provided the desired coverage." *Id.* "[T]he burden is upon the insured to show with reasonable certainty the terms and conditions of the agreement. Generally, a valid contract to procure insurance exists where there is established a promise by the insured to take a policy of insurance and an undertaking on the part of the agent or broker to procure it, with sufficient information provided upon which to procure the policy." *Id.* at 491 (citation omitted).

26. Starr Davis directly or indirectly mentions Merrimon in five of its causes of action:

7

- Count I is a declaratory judgment claim in which Plaintiff seeks a declaration that "each Defendant Asbestos Claimant and Defendant Insurer must fairly compensate the Receiver" or "declare which Defendants [presumably including Merrimon] are responsible for compensating the Receiver for the substantial time, effort, and expenses the Receiver put towards his responsibilities as Receiver of Starr Davis." (Compl. ¶¶ 36-37.)

- Count II is a declaratory judgment claim in which Plaintiff seeks a declaration that Plaintiff is "entitled to copies of all Defendant Insurance policies," "that if Defendant Insurers did not issue the policies containing their names and specifically through Merrimon [] that the Court find Defendant Merrimon [] responsible for the defense and indemnification of Plaintiff during those respective years," that "Defendants have a duty to defend the Asbestos Claimants lawsuits," and that "Merrimon breached its obligation to maintain Starr Davis policies." (Compl. ¶¶ 42-47.)

- Count III is a declaratory judgment claim in which Plaintiff seeks a declaration "as to the interpretation and meaning of the insurance policies, including those for years for which Merrimon [] is responsible . . . . (Compl. ¶ 48.)

- Count IV is a "failure to procure insurance" claim ostensibly against Merrimon. (Compl. ¶¶ 50-61.)

- Count V is a breach of contract claim ostensibly against Merrimon. (Compl. ¶¶ 62-65.)

27. With respect to Plaintiff's declaratory judgment claims (Counts I, II, and III), even construing all applicable facts and law in Plaintiff's favor, the claims necessarily fail as a matter of law because Plaintiff cannot establish the requisite adversity between Plaintiff and Merrimon that would render declaratory relief appropriate and, in any event, the claims are time-barred on their face.

28. Under the South Carolina Declaratory Judgements Act, S.C. Code Ann. § 15-53-10, *et seq.*, "the existence of an actual controversy is essential to jurisdiction to render a declaratory judgment." *Power v. McNair*, 177 S.E.2d 551, 552 (S.C. 1970) (citation and internal quotation marks omitted); *see also City of Columbia v. Sanders*, 97 S.E.2d 210, 213 (S.C. 1957) ("The Uniform Declaratory Judgment[s] Act . . . does not require the Court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when the occasion might arise . . . or license litigants to fish in judicial ponds for legal advice."

8

(citations and internal quotation marks omitted)).  Further, "South Carolina's declaratory judgment law makes clear that, '[t]he court may refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.'"  *Dombek v. Adler*, No. 2:18-cv-391, 2019 WL 459019, at * 2 (D.S.C. Feb. 5, 2019) (quoting S.C. Code Ann. § 15-53-70) (other citation omitted).

29. Here, Plaintiff lacks an actual, justiciable controversy with Merrimon that would entitle Plaintiff to declaratory relief, let alone a declaration that would or could "terminate the uncertainty or controversy giving rise to the proceeding." *Id.*  The gravamen of Plaintiff's Complaint is a claim that Plaintiff is entitled to a declaration of insurance coverage, *i.e.*, a declaration that the Defendant-Insurers must defend or reimburse Plaintiff in connection with the underlying asbestos suits.  Plaintiff has no cause of action against Merrimon for declaratory judgment because Merrimon is not an insurance company, it did not (and could not) issue any insurance contracts, and it has no possible obligation to defend or indemnify Plaintiff.  Accordingly, there is no possibility that Plaintiff would be entitled to a declaratory judgment against Merrimon.

30. Plaintiff's declaratory judgment claims are also facially time-barred.  South Carolina law provides for a three-year statute of limitations for declaratory judgment claims sounding in contract.  *See Am. Tower Asset Sub, LLC v. Pta-Fla, Inc.*, No. 6:15-03700, 2016 WL 3981225, at *2 (D.S.C. July 25, 2016); S.C. Code Ann. § 15-3-530 (providing that "an action upon a contract, obligation, or liability, express or implied," shall be brought within three years).  Plaintiff's declaratory judgment claims are plainly rooted in contract, specifically, the insurance policies issued to Starr Davis and, to a lesser extent, any supposed contract(s) between Starr Davis and Merrimon.  "[U]nder South Carolina law, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered, 'not when advice of counsel

9

is sought or a full-blown theory of recovery developed.'" *Am. Tower Asset Sub, LLC*, 2016 WL 3981225, at *3 (quoting *Epstein v. Brown*, 610 S.E.2d 816, 818 (S.C. 2005)). Starr Davis concedes in its Complaint that its relationship with Merrimon ended decades ago. In the interim, Starr Davis raised no concerns or issues with the insurance policies delivered by Merrimon. Starr Davis cannot assert decades later that somehow the policies procured by Merrimon were not what Starr Davis wanted.

31.     With respect to Plaintiff's failure to procure insurance claim against Merrimon (Count IV), it also is time-barred on its face. "[A] claim for failure to procure insurance is governed by South Carolina's three-year statute of limitations." *Russell v. Gill*, No. 2:10-cv-00816, 2010 WL 11646852, at *5 (D.S.C. Oct. 1, 2010) (citing S.C. Code. Ann. § 15-3-530). Plaintiff's Complaint alleges that the failure to procure occurred in or around 1972—more than 40 years ago, and certainly more than three years before the instant Complaint was filed. (*See* Compl. ¶ 55 ("Merrimon [] was instructed by Starr Davis to place its primary general liability policies with Aetna for the years 1972 through 1973").)

32.     Plaintiff's other allegations in Count IV fail to make out a cognizable failure to procure insurance claim because, aside from the alleged request for a 1972-1973 policy that Merrimon allegedly failed to procure, the Complaint is devoid of any allegations that Starr Davis requested, and Merrimon promised to procure, a specific insurance policy. *See Riddle-Duckworth*, 253 S.C. at 421; *cf. Sullivan Co., Inc. v. New Swirl, Inc.*, 437 S.E.2d 30, 31 (S.C. 1993) ("The duty of an insurance agent to procure the represented coverage does not create a duty to obtain coverage at any particular rate, absent an express promise to do so. . . . The record before us evinces no evidence of any agreement to secure insurance at the best possible terms. Hence, we affirm the finding of the trial judge that no obligation exists on the part of an agent or broker to secure insurance at the most favorable prices—absent a promise to do so.").

33.     Finally, with respect to Plaintiff's breach of contract claim against Merrimon (Count V), Plaintiff alleges generally that "Starr Davis contracted for valuable consideration with Merrimon [] for Merrimon [] to secure appropriate insurance for Starr Davis," and that "Defendant [presumably, Merrimon] breached the terms of the contract" by "[f]ailing to procure sufficient insurance coverage as requested by Plaintiff," "failing to provide services in accordance with the terms of the contract," and "such other and further particulars as may be developed during the course of discovery and proven at trial." (Compl. ¶¶ 62-63.) These allegations do not come close to alleging facts sufficient to state a plausible breach of contract claim against Merrimon. For example, Plaintiff fails to provide any information whatsoever regarding the terms of any alleged contract(s) between Starr Davis and Merrimon, when they allegedly entered into the contract(s), and what services Merrimon allegedly agreed to provide to Starr Davis. In addition, Plaintiff's breach of contract claim is time-barred for the same reasons its failure to procure insurance claim is time-barred: It is clear as a matter of law that Starr Davis knew or should have known many years ago that Merrimon allegedly failed to procure certain insurance coverage.

34.     In sum, there is no possibility that Plaintiff would be able to establish a cause of action against Merrimon.

**IV.     In the Alternative, Merrimon Should Be Realigned as a Plaintiff**

35.     Even if a cause of action has been properly stated against Merrimon, the company should be realigned as a plaintiff, because its overwhelming interests in the lawsuit are aligned with those of Starr Davis.

36.     The United States Supreme Court held in *Indianapolis v. Chase Nat. Bank,* 314 U.S. 63, 69 (1941), that "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according

to their sides in the dispute.' . . . Whether the necessary 'collision of interest' exists, is therefore not to be determined by mechanical rules. It must be ascertained from the '*principal purpose of the suit*' and the 'primary and controlling matter in dispute.'" (emphasis added) (internal citations omitted).

37. Contrary to other circuits which follow the "substantial controversy" test, the Fourth Circuit has specifically adopted the "principal purpose" test in deciding how to properly align parties. *See United States Fid. and Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 133 (4th Cir. 1995). Applying the "principal purpose" test entails two steps: "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *Id.* If the court determines that the parties should be realigned based on the "principal purpose" test, then the court must determine whether complete diversity exists based on the realignment of the parties. *Id.*

38. The principal purpose of this action is Starr Davis' goal of establishing that the Defendant-Insurers' policies provide defense and indemnity for the claims brought by Claimants against Starr Davis for asbestos personal injuries. *See, e.g., Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC*, No. 2:10cv310, 2010 WL 5476748, at *2 (E.D. Va. Dec. 2, 2010) ("In a declaratory relief action requesting judicial determination of an insurer's duties under an insurance contract ... the primary issue presented in the pleadings is the dispute over an insurer's duty to defend and indemnify." (citations omitted)).

39. As alleged, Merrimon was Starr Davis's broker, not the Defendant-Insurers' agent. (Compl. ¶ 21 ("Merrimon [] served as the insurance broker to Starr Davis from at least 1964 through 1986").) Merrimon is not a party to the subject insurance policy contracts and it has no potential duties under those contracts.

40. Any dispute between Starr Davis and Merrimon is secondary to the primary issue of whether the Defendant-Insurers have a duty to defend or indemnify Starr Davis against the

Claimants' claims against Starr Davis in the underlying asbestos cases. Moreover, any liability of Merrimon is merely hypothetical until the Defendant-Insurers' liability, if any, is determined. Merrimon's nominal interest in this case is simply not aligned with that of the Defendant-Insurers.

41. As such, in the event Merrimon is not dismissed as a fraudulently joined Defendant, it should be realigned as a plaintiff.

## V. The Claimants Were Fraudulently Joined

42. Plaintiff's sixth cause of action for declaratory judgment alleges that "[t]he claims Defendant Asbestos Claimants will likely outstrip the insurance policies and Starr Davis has no other assets," and that "[c]ertain of the Starr Davis Policies may have aggregate limits of liability for product liability claims." (Compl. ¶¶ 66-67.) Based on these two assertions, "Starr Davis seeks a declaration and order that certain rights and interests of the individually-named defendants [*i.e.*, the Claimants] be limited and curtailed as follows: (i) that any judgment obtained against Starr Davis in a asbestos suits [sic] be limited to all sums that may be collected from defendant Insurers, individually or collectively; (ii) that punitive or exemplary damages are not awardable against the Receiver or the Receiver acting on behalf of Starr Davis pursuant to South Carolina Code § 15-65-10; and (iii) that any judgment obtained against Starr Davis that is or may be subject to an aggregate limit of any insurance policy or policies issued to Starr Davis must fairly and equitably take into account such other judgments or claims that may be outstanding." (Compl. ¶ 68.) Importantly, Plaintiff does not allege that any of the Claimants have obtained a judgment against Starr Davis.

43. Particularly where, as here, the Claimants are not judgment creditors, any action against them at this juncture is premature. Plaintiff's claims turn on the existence of insurance coverage or lack thereof, yet the Claimants are strangers to those insurance contracts. In analogous settings, courts have recognized that injured third parties who are strangers to the

13

insurance contracts lack standing to sue insurers. Indeed, "[i]t is well settled that injured third parties who are strangers to the insurance contract may not sue insurers directly for claims against the insured." *Smith, et al. v. CBS Corp.*, et al., No. 2015-CP-46-02155, Order Granting USF&G's Mot. for Summary Judgment (April 4, 2018) (citing *Kleckley v. Northwestern Nat'l Cas. Co.*, 338 S.C. 131, 135-36, 526 S.E.2d 218, 220 (2000) (Toal, C.J.); *Trancik v. USAA Ins. Co.*, 354 S.C. 549, 554, 581 S.E.2d 858, 861 (Ct. App. 2003); and *Major v. Nat'l Indem. Co.*, 267 S.C. 517, 520, 229 S.E.2d 849, 850 (1976) ("[a]t common law, no right to maintain suit directly against the insurer existed absent privity of contract between the claimant and the insured")).

44. If claimants lack standing to sue insurers directly for claims relating to potential insurance coverage on hypothetical judgments that they have yet to obtain, it follows that insureds may not sue the Claimants for what would amount to advisory opinions on these same issues. The only reason Claimants were added here was a transparent effort to defeat this Court's diversity jurisdiction.

## VI.    In the Alternative, Claimants Should Be Realigned as Plaintiffs

45. In the alternative, Claimants have been misaligned and should be realigned as plaintiffs, as their principal purpose in this action is aligned with that of Starr Davis. That is, Starr Davis and all of the Claimants want to establish coverage under the Defendant-Insurers' insurance policies for the claims in the underlying asbestos cases, and to satisfy any potential judgments in the underlying cases.

46. As noted above, the principal purpose of this action is to establish that the Defendant-Insurers' policies provide coverage for any judgment that the Claimants may recover against Starr Davis for asbestos personal injuries. Starr Davis, as the alleged insured in the underlying cases, has virtually the same interest as the Claimants, because a finding in favor of

the Defendant-Insurers would mean that they have no duty to defend or indemnify Starr Davis against the Claimants' claims against Starr Davis in the underlying actions.

47. Because the Claimants share the same interest in holding the Defendant-Insurers liable to pay any judgments entered against Starr Davis in the underlying actions, the Claimants must be realigned as plaintiffs along with Starr Davis.

48. Once the Claimants are realigned as plaintiffs, or dismissed as fraudulently joined, their South Carolina and North Carolina citizenships do not destroy this Court's diversity jurisdiction. *See Gressette*, 447 F. Supp. 2d at 536 (realigning defendant as plaintiff and denying original plaintiff's motion to remand).

49. After dismissing or realigning the parties according to their interest in the principal purpose of this action, there will be complete diversity of citizenship between Plaintiff, allegedly a citizen of South Carolina and North Carolina, on one side, and the Defendant-Insurers, which are citizens of Connecticut, Indiana, and Minnesota, on the other.[1]

**WHEREFORE**, Defendant Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company and Defendant The Standard Fire Insurance Company respectfully remove this action from the South Carolina Court of Common Pleas, Fifth Judicial Circuit, County of Richland, to the United States District Court for the District of South Carolina, Columbia Division

Respectfully submitted,

s/William P. Davis
William P. Davis
Fed. ID No.: 454
Baker, Ravenel & Bender, L.L.P.
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina  29202
Phone: (803) 799-9091; Fax: (803) 779-3423

---

[1] As noted above, the Travelers Defendants deny that Claimants have standing to assert claims directly against insurers under the insurers' alleged insurance contracts.  By seeking, in the alternative, realignment, the Travelers Defendants do not waive any right, claim or defense to any claim that may be asserted by Claimants against the Travelers Defendants.

        wdavis@brblegal.com;  7746.2238
        *Attorneys for Plaintiff*

        Harry Lee
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, NW
        Washington, DC 20036
        Phone: 202-429-8112; hlee@steptoe.com
        *Pro Hac Vice Application Forthcoming*

December 13, 2019
Columbia, South Carolina